**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Lauren Allo, | ) | No. CV-08-0961-PHX-FJM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| American Family Mutual Insurance Co.; Sharon Chubinsky, et al., | ) ) ) | |
| Defendants. | ) ) | |
| | ) | |

This action was brought in the Superior Court of Arizona in Maricopa County. Defendants removed the action to this court. We now have before us plaintiff's motion to remand (doc. 7), defendant American Family Mutual Insurance Co.'s ("American Family") response (doc. 10), and plaintiff's reply (doc. 12). Also before the court is defendants Sharon and John Doe Chubinsky's motion to dismiss (doc. 9), plaintiff's response (doc 14), and defendants' reply (doc 15), which turns on the same legal issue as the motion to remand.

**I**

American Family is a Wisconsin insurer that provided plaintiff with automobile insurance, including $100,000 of underinsured motorist coverage. In September 2005, plaintiff was injured in a collision with another driver and incurred approximately $30,000 in damages. The other driver, who was at fault, had only $15,000 of insurance coverage,

1  which was paid to plaintiff in settlement of her claim. In November 2006, plaintiff filed an
2  underinsured motorist claim with American Family for the balance. Defendant Sharon
3  Chubinsky, an employee and adjuster for American Family, handled plaintiff's claim.

4  Plaintiff alleges that she complied with all of American Family's requests for
5  supporting documentation, but her claim languished. Chubinsky allegedly misled plaintiff
6  about the reasons for the delay and eventually stopped returning her phone calls. Finally, on
7  February 20, 2008, Chubinsky informed plaintiff that the claim was denied. Chubinsky
8  allegedly agreed to provide plaintiff with written confirmation of the company's position, but
9  failed to do so. Plaintiff then brought this action asserting breach of contract against
10 American Family and bad faith against both American Family and Chubinsky.

11 Though both plaintiff and Chubinsky are Arizona residents, American Family
12 removed this action on the basis of diversity jurisdiction, contending that Chubinsky was
13 "fraudulently joined." According to American Family, Chubinsky cannot be held liable for
14 breach of contract or bad faith as a matter of law and was therefore joined solely to defeat
15 complete diversity among the parties. Plaintiff, meanwhile, contends that the bad faith claim
16 against Chubinsky is not necessarily foreclosed and therefore removal was improper.
17 Pursuant to 28 U.S.C. § 1447(c), plaintiff seeks remand and an award of attorney fees.

**II**

19 An action is removable only if it could have been originally filed in federal court.
20 28 U.S.C. § 1441(a). The removal statute should be strictly construed against removal
21 jurisdiction and "the defendant always has the burden of establishing that removal is proper."
22 Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected
23 if there is any doubt as to the right of removal in the first instance." Id.

24 Diversity jurisdiction pursuant to 28 U.S.C. § 1332 requires that no defendant have
25 the same citizenship as any plaintiff. Tosco Corp. v. Cmtys. for a Better Envt., 236 F.3d 495,
26 499 (9th Cir. 2001). Defendant does not dispute that complete diversity is lacking with the
27 parties as named in the plaintiff's complaint. Removal of this action is only proper if, as
28 American Family alleges, the defendant Chubinsky has been "fraudulently joined."

- 2 -

1    Fraudulent joinder has been described as a "term of art." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity '[i]f the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state.'" Id. (quoting McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). Any doubt as to whether the plaintiff has stated a valid cause of action under the laws of the state should be resolved in favor of the case being retained by the state court. Albi v. Street & Smith Publ'ns, 140 F.2d 310, 312 (9th Cir. 1944). "Accordingly, if the facts alleged in the Complaint taken as true and drawing all inferences in Plaintiff's favor, can possibly state a claim under Arizona law against [the defendant] in question, there is no fraudulent joinder and [the] case must be remanded to state court." Ballesteros v. Am. Standard Ins. Co., 436 F. Supp. 2d 1070, 1073 (D. Ariz. 2006)

American Family argues that the plaintiff has failed to state a valid cause of action against Chubinsky under Arizona law because Chubinsky is not a party to the insurance policy between plaintiff and American Family. Response at 2-3. In support of its position, American Family cites several cases for the proposition that the duty of good faith and fair dealing arises out of an insurance contract and does not allow for a claim against those not in contractual privity. The cases cited by American Family do not, however, address the precise issue before this court. American Family relies on cases addressing whether a third party to an insurance contract may bring an insurance bad faith claim, not whether a claim of bad faith may be brought against an insurance adjuster lacking contractual privity. See, e.g., Leal v. Allstate Ins. Co., 199 Ariz. 250, 17 P.3d 95 (Ct. App. 2000) (determining that a third party to the insurance contract could not bring a bad faith claim against a tortfeasor's insurance company); Fobes v. Blue Cross & Blue Shield of Ariz., Inc., 176 Ariz. 407, 861 P.2d 692 (1993) (finding that the duty of good faith and fair dealing did not extend to insured's spouse); Mardian Equipment Co. V. St. Paul Fire & Marine Ins. Co., 2006 WL 2456214 (D. Ariz. 2006) (holding that a third party to the insurance contract could not bring

1 a claim for insurance bad faith).  The plaintiff in this case is not a third party claimant but the
2 insured herself.

3 Relying on <u>Walter v. Simmons</u>, 169 Ariz. 229, 818 P.2d 214 (Ct. App. 1991),
4 American Family claims that an insured cannot maintain a claim for insurance bad faith
5 against an insurance adjuster under Arizona law.  <u>Response</u> at 2.  The <u>Walter</u> case, however,
6 contains no such holding.  The court in <u>Walter</u> noted with approval that the insurance
7 adjuster had been voluntarily dismissed from  the plaintiff's bad faith claim at the trial court
8 level.  As this dismissal was not an issue on appeal, the court's statement is mere descriptive
9 dicta and does not resolve the issue under Arizona law.  Accordingly, <u>Walter</u> is insufficient
10 to show that the plaintiff is unable to bring a bad faith claim against Chubinsky under settled
11 Arizona law.

12 The district court in <u>Ballesteros</u> faced the same question that is before the court today;
13 whether an insurance adjuster had been fraudulently joined to an insured's bad faith claim
14 to defeat diversity jurisdiction.  <u>Ballesteros</u>, 436 F. Supp. 2d at 1077.  The court in
15 <u>Ballesteros</u> concluded that Arizona law regarding a claim of bad faith brought against an
16 insurance adjuster was ambiguous, and any ambiguity must be resolved in plaintiff's favor.
17 <u>Id</u>.  We agree.

18 American Family argues that <u>Ballesteros</u> was wrongly decided and that Arizona law
19 clearly establishes that an insured may not state a claim against an insurance adjuster for
20 breach of the duty of good faith and fair dealing.  <u>Response</u> at 5.  According to defendant,
21 the two primary cases cited in <u>Ballesteros</u> as demonstrating ambiguity in Arizona law, <u>Farr</u>
22 <u>v. Occidental Life Ins. Co.</u>, 145 Ariz. 1, 699 P.2d 376 (Ct. App. 1984), and <u>Sparks v.</u>
23 <u>Republic Nat'l Life Ins. Co.</u>, 132 Ariz. 529, 647 P.2d 1127 (1982), are inapplicable to
24 plaintiff's claim against Chubinsky because those cases rely on a theory of joint venture that
25 is not at issue in this case. <u>Id</u>.

26 Although <u>Farr</u> and <u>Sparks</u> discuss bad faith liability in terms of joint venture status
27 between the insurer and insurance adjuster, neither court required a finding that all of the
28 elements of a joint venture were present.  The defendant has failed to show that "[i]n the

- 4 -

absence of a joint venture, Arizona law is clear–an insurance adjuster is not a party to the contract and does not personally owe a duty of good faith and fair dealing to the insured." Response at 5.  The court is persuaded that this issue remains an unsettled question in Arizona and this ambiguity should be construed in favor of the plaintiff.  Albi, 140 F.2d at 312.

We conclude that, given the strong presumption against removal and the fact that defendant has failed to show that under Arizona law an insurance adjuster may not be held liable for the tort of bad faith, complete diversity is lacking and the court does not have subject matter jurisdiction over this matter.

**III**

Plaintiff also requests that the court grant an award of costs and attorney fees under 28 U.S.C. § 1447(c). After removal to federal court, an action remanding the case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  Fees and costs may be awarded within the court's discretion where removal was wrong as a matter of law, even if it was "fairly supportable." Balcorta v. Twentieth Century–Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).  Given the ambiguity in Arizona law on this matter and the defendant's failure to present any cases or legal theories not previously considered in very similar matters, we conclude that removal was improper as a matter of law and that an award of fees and costs is appropriate. We encourage the parties to agree on a reasonable figure, otherwise they may submit supporting documentation and a responsive memorandum in accordance with LRCiv 54.2(d)–(f).

**IV**

Accordingly, **IT IS HEREBY ORDERED GRANTING** plaintiff's motion to remand this action to the Superior Court of Arizona in Maricopa County and for an award of fees and costs. (doc. 7)  **IT IS FURTHER ORDERED DENYING** the Chubinsky's motion to dismiss on grounds of mootness. (doc. 9)  This, of course, is without prejudice to the right of the Chubinskys to renew their motion to dismiss in the Superior Court.

DATED this 11th day of September, 2008.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge